UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN MOTOR TECHNOLOGIES LLC,

      Plaintiff,         Case Number 19-10485
v.                   Honorable David M. Lawson

VOLKSWAGEN AKTIENGESELLSCHAFT
and VOLKSWAGEN GROUP OF AMERICA,
INC.,
      Defendants.
_____/

**OPINION AND ORDER GRANTING VOLKSWAGEN GROUP OF
AMERICA'S MOTION TO DISMISS CLAIMS OF WILLFUL, INDUCED,
AND CONTRIBUTORY INFRINGEMENT**

    Plaintiff Michigan Motor Technologies has alleged in a second amended complaint (SAC) that the defendants directly infringed at least one claim in each of four patents covering inventions that electronically control throttle positions in motor vehicles. The SAC also contained statements that the defendants have engaged in willful, induced, and contributory infringement. Defendant Volkswagen Group of America has moved to dismiss these later claims, contending that the plaintiff failed to support its conclusory allegations with pleaded facts that establish the required elements of those claims. The Court agrees and will grant the motion.

I.

    Volkswagen Aktiengesellschaft (VWAG), a multinational corporation with its central headquarters in Wolfsburg, Germany, is the parent company of the Volkswagen Group, which controls various subsidiaries and organizations. The Group designs, manufactures, and sells at least twelve brands of vehicles, including Volkswagen Passenger Cars, Audi, and Porsche. VWAG produces and sells its vehicles in Germany and reaches the American market through its

wholly owned subsidiary, Volkswagen Group of America, which is headquartered in Herndon, Virginia.

On February 18, 2019, MMT filed its complaint against Volkswagen Group of America, alleging that Volkswagen's electronic throttle control system infringed twenty of its patents. Certain Volkswagen vehicles utilize a system that links the accelerator to a car engine electronically and is meant to ensure that the engine responds to a driver's commands. The system also supports the cruise control feature, prevents engine overheating, and manages fuel consumption, among other functions. MMT amended the complaint on April 30, 2019, to add VWAG as a defendant. However, because the number of pleaded claims was unmanageable, the Court granted the defendants' motion to limit the claims on December 23, 2019.

Per the Court's order, MMT dismissed without prejudice sixteen of the twenty patents initially identified and filed its SAC on January 6, 2020. Now, the SAC asserts the following infringement counts:

> Count I: U.S. Patent No. 6,588,260, "Electronic Throttle Disable Control Test System" (claim 1);
>
> Count II: U.S. Patent No. 6,443,128, "Method of Controlling an Internal Combustion Engine" (claim 1);
>
> Count III: U.S. Patent No. 6,612,287, "Electronic Throttle Position Feedforward System" (claim 1); and
>
> Count IV: U.S. Patent No. 6,763,804, "Electronic Throttle Servo Overheat Protection System" (claims 1 and 11).

Based on those four asserted patents, the plaintiff brings claims for direct infringement. Toward the end of the SAC, the plaintiff also alleged willful infringement and indirect infringement (induced infringement and contributory infringement).

In support of its willful infringement claim, the plaintiff asserts that the defendants were aware of the patents before the plaintiff sued them:

> 37. Defendants were made aware of the patents-in-suit at least as early as March 4, 2015, when [they were] provided notice of the patents via letter[; and]
>
> 42. On information and belief, since Defendants received notice of the patents, Defendants' infringement has been and continues to be willful.

SAC, ECF No. 63, PageID.4517, 4518. For its induced infringement claim, the plaintiff states:

> 39. Upon information and belief, since at least the time of receiving this Amended Complaint, Defendants have induced and continue to induce others to infringe at least claim 1 of the '260 patent; claim 1 of the '128 patent; claim 1 of the '287 patent; and claims 1 and 11 of the '804 patent under 35 U.S.C. §271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least the aforementioned claims. Infringement of these representative claims is alleged solely for illustrative pleading purposes.
>
> 40. In particular, Defendants' actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. On information and belief, the Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the patents-in-suit and that its acts were inducing infringement of said patents since at least the time of receiving this Amended Complaint.

*Id.* at PageID.4517. And for its contributory infringement claim, the plaintiff alleges:

> 41. Upon information and belief, each Defendant is liable as a contributory infringer of the Patents-in-Suit under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities to be especially made or adapted for use in infringement of the Patents-in-Suit. The Accused Instrumentalities are material components for use in practicing the Patents-in-Suit and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

*Id.* at PageID.4518.

The defendants filed two motions to dismiss. First, VWAG (the German entity) moved to dismiss the complaint against it for insufficient process and lack of personal jurisdiction, which

the Court denied last Friday. Volkswagen Group of America then moved to dismiss the plaintiff's claims of willful, induced, and contributory infringement under Federal Rule of Civil Procedure 12(b)(6), which presently is before the Court. It argues that the facts pleaded in the SAC are woefully insufficient to support those theories of recovery or enhanced damages under 35 U.S.C. § 284.

II.

As a general rule, district courts adjudicating patent cases apply the law of the Federal Circuit, not the regional circuit, where the question "is intimately involved with the substance of the patent laws." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). The sufficiency of a complaint, however, is governed by Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court. The Federal Circuit considers that "a purely procedural issue," which is governed by "the applicable law of the regional circuit." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

When the sufficiency of a complaint is challenged in a motion under Rule 12(b)(6), the plaintiff must demonstrate that the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, --- F.3d ---, No. 17-1380, 2020 WL 3393774, at *3 (6th Cir. June 19, 2020) (quoting *Iqbal*, 556 U.S. at 678). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted as true by the reviewing court, *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017), but conclusions may not be credited unless they are plausibly supported by the pleaded facts. In fact, courts "should disregard" legal conclusions and focus on the factual matter pleaded. *Henry v. CMBB, LLC*, 797 F. App'x 258, 260 (6th Cir. 2020). "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). That simply "will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 557).

A.

The Patent Act requires that an infringer compensate a patentee, but also allows a court to "increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Enhanced damages are not awarded as a matter of course, "but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, --- U.S. ---, 136 S. Ct. 1923, 1932 (2016). "The sort of conduct warranting enhanced damages has been variously described [by the Supreme Court] as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Ibid.*

The Patent Statute does not explicitly define what might constitute willful infringement. That determination is committed to the trial court's discretion, as "guided by sound legal principles." *Ibid*. (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005)). In pursuit of those principles, the Federal Circuit in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), established a two-part test for determining whether willful infringement of a patent had occurred: first, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and second, "the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*. at 1371.

But the Supreme Court abrogated the *Seagate* test in *Halo Electronics*, concluding that the test was "unduly rigid" and encumbered "the statutory grant of discretion to district courts." 136 S. Ct. at 1932. The Supreme Court held that section 284 "contains no explicit limit or condition" on when a district court may award enhanced damages, but instead allows courts to "punish the full range of culpable behavior." *Id*. at 1931, 1933. Although the Court accepted the subjective component of the test, it rejected the requirement that a court find objective recklessness in every case, making clear that "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Ibid*. The Supreme Court also rejected the application of the clear and convincing evidence standard. The Court stressed that "§ 284 'imposes no specific evidentiary burden'"; rather, "patent-infringement litigation has always been governed by a preponderance of the evidence standard." *Id.* at 1934 (quoting *Octane Fitness, LLC v. ICON Health & Fitness Inc*., 572 U.S. 545, 557 (2014)).

*Halo* establishes that willfulness is not a prerequisite to awarding enhanced damages, nor are enhanced damages required upon a finding of willfulness. *Id*. at 1933 ("none of this is to say that enhanced damages must follow a finding of egregious misconduct"). "As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id.* at 1933. In other words, an award of enhanced damages is fact-bound.

Another key point: although the decision to levy enhanced damages is discretionary, "nearly two centuries of discretionary awards and review by appellate tribunals" has narrowed "the channel of discretion" "so that such damages are generally reserved for egregious cases of culpable behavior." *Id.* at 1932 (citing Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 772 (1982)). The Court stressed that enhanced damages are appropriate only for conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Id.* at 1932. For example, in *Read Corp. v. Portec, Inc*., 970 F.2d 816, 826-27 (Fed. Cir. 1992), the Federal Circuit outlined eight factors that help guide an analysis of "the egregiousness of the defendant's conduct":

> (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm.

*Liquid Dynamics Corp. v. Vaughan Co*., 449 F.3d 1209, 1225 (Fed. Cir. 2006). These factors are not exhaustive; *Halo* made clear that district courts are not bound by any rigid formula or set of factors. *Halo Electronics*, 136 S. Ct. at 1932. But courts generally must look to the actor's degree

of culpability "at the time of the challenged conduct." *Id.* at 1933. (citing Restatement Second of Torts § 8A).

Prior knowledge of the patent and that the conduct is infringing is a necessary component of a showing of willfulness. *WBIP, LLC v. Kohler Co.,* 829 F.3d 1317, 1341 (Fed. Cir. 2016). However, courts have disputed whether knowledge alone is sufficient. Justice Breyer's concurring opinion suggests that it is not sufficient. *See Halo Electronics*, 136 S. Ct at 1932 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (Breyer, J., concurring). Relying on Justice Breyer's concurrence in *Halo*, numerous district courts have concluded that an allegation of willful infringement without evidence of egregiousness is futile. *See Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willfulness claim where complaint contained "no specific factual allegations about [defendant's] subjective intent, or any other aspects of [defendant's] behavior that would suggest its behavior was 'egregious'"); *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15–915, 2018 WL 620968, at *6 (D. Del. Jan. 30, 2018) (granting motion for summary judgment for defendant because its "pre-suit knowledge of the patent is not by itself sufficient to find 'willful misconduct' . . . Rather, the patentee must identify evidence beyond pre-suit knowledge of the patent to show that the accused infringer's infringement is 'egregious,' 'deliberate,' or 'wanton.'"); *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 16-00587, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) (dismissing willful infringement claim because "[a]s Justice Breyer stated, alleging that [the] [d]efendant only knew about the patent is insufficient to constitute willful infringement."); *McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 882 (W.D. Tenn. 2017) (dismissing willful infringement claim because the plaintiff provided "little

more than conclusory allegations of knowledge and infringement . . . , which are not enough to plausibly allege the level of "egregious[ness]" required under *Halo*.); *Varian Med. Sys., Inc. v. Elekta AB,* 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016), *report and recommendation adopted*, No. CV 15-871, 2016 WL 9307500 (D. Del. Dec. 22, 2016) (granting motion to dismiss willful infringement claim because it provided little more than a "formulaic recitation of the pre-*Halo* elements of a willful infringement claim" — that the defendants' infringement was "willful and deliberate" and that they knew or should have known about the risk of infringing the patent); *Signify N. Am. Corp. v. Axis Lighting, Inc.*, No. 19-5516, 2020 WL 1048927, at *3 (S.D.N.Y Mar. 4, 2020) ("[A]plaintiff's pre-suit notice letter, on its own, does not support a finding of willful patent infringement").

Not all courts adopted that position. The Eastern District of Texas recently disagreed with that interpretation, holding that simply alleging that a defendant was aware of a patent before infringing it is enough to survive a motion to dismiss a willful infringement claim. *T-Rex Prop. AB v. Regal Ent. Group*, No. 16-927, 2017 WL 4229372 (E.D. Tex. Aug 31. 2017); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.,* Nos. 15-1274, 1278, 2016 WL 4778699, at *7 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted,* 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) (finding post-suit willful infringement allegations sufficient to withstand Rule 12(b)(6) scrutiny where, among other things, the complaint notifies the defendants of the patents they are accused of infringing). But that minority view runs counter to *Halo Electronics*'s concurring opinion and undermines the Court's prescription that enhanced damages can only be supported by conduct that is egregious.

Prior knowledge, therefore, is a necessary but not a sufficient condition for an award of enhanced damages. By that measure, the SAC's allegations of willful infringement come up short.

As an initial matter, MMT did not plead adequately that the defendants knew about MMT's patents "at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933. MMT wrote only one sentence in support of willfulness: "Defendants were made aware of the patents-in-suit at least as early as March 4, 2015, when [they were] provided notice of the patents via letter." SAC ¶ 37, ECF No. 63. at PageID.4517, 4518. That allegation is purely conclusory, and conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. The plaintiff did not attach a copy of the referenced letter, never specified what the letter stated, did not mention who sent the letter, and did not mention to whom the letter actually was sent. There are too many dots to connect before the Court can arrive at finding that the letter indeed was sent to the defendants or their agents and that it informed the defendants that they were potentially infringing on MMT's patents. The Court need not accept this "'naked assertion[]" that is "devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 662 (quoting *Twombly* 550 U.S. at 557).

The plaintiff argues that the defendant at least had post-suit notice by virtue of the plaintiff's original and amended complaints filed as early as February 18, 2019. District courts differ over whether post-suit conduct is relevant to a willfulness determination. *Compare Finjan, Inc.*, 2017 WL 2462423, at *4 (N.D. Cal) (considering only pre-suit knowledge), and *McKnight, Inc.*, 273 F. Supp. 3d at 881 (W.D. Tenn.) (same) *with T-Rex Property AB* (E.D. Tex.) ("Culpability can arise pre- or post-suit — the scienter requirement is the same in either instance").

However, the Court need not take a side in this debate because the plaintiff pleaded only that the defendants were aware of the patents and nothing else, which, as noted earlier, is not enough to sustain a willful infringement claim for enhanced damages. *See Signify N. Am. Corp.*, 2020 WL 1048927, at *3 ("[A]plaintiff's pre-suit notice letter, on its own, does not support a finding of willful patent infringement"). The plaintiff's allegation that the defendants "knew about

the patent and nothing more" will not make the grade. *See Halo,* 136 S. Ct at 1932 (Breyer, J., concurring); *Finjan, Inc.* 2017 WL 2462423, at *5; *Ansell Healthcare Prods.* LLC, 2018 WL 620968, at *6; *CG Tech. Dev., LLC,* 2016 WL 4521682, at *14; *McKnight, Inc.*, 273 F. Supp. 3d at 882; *Varian Med. Sys., Inc.,* 2016 WL 3748772, at *8; *Signify N. Am. Corp.*, 2020 WL 1048927, at *3. The plaintiff never alleged facts that could support a conclusion that the defendants' conduct rose to the level of egregiousness that might support an award of enhanced damages, that is, conduct infringing the patents that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, . . . or characteristic of a pirate." *Halo* 136 S. Ct at 1932. In fact, there are no facts in the SAC from which a factfinder could infer that the defendants deliberately copied the ideas or design of another, that the defendants had a motivation for infringing the patents, or that that they otherwise behaved poorly or acted with bad faith. *See Liquid Dynamics Corp.* 449 F.3d at 1225 (Fed. Cir. 2006).

The allegations in the SAC are not sufficient to allege willful infringement. They do not support enhanced damages.

B.

A person who "actively induces" another to infringe a patent "shall be liable as an infringer." 35 U.S.C. § 271(b). "'[A]ctive' inducement has three elements: *knowledge* of the patent; *knowledge* that the induced acts will infringe; and '*intent* to "bring about the desired result," which is infringement.'" *Memory Integrity, LLC v. Intel Corp*., 144 F. Supp. 3d 1185, 1193 (D. Or. 2015) (quoting *Commil USA, LLC v. Cisco Sys., Inc*., 575 U.S. 632, 135 S. Ct. 1920, 1928, (2015)). Therefore, for an induced infringement claim "to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party's] acts constituted infringement.'" *Lifetime*

*Indus., Inc. v. Trim–Lok, Inc*., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

MMT alleged in the SAC that "the defendants," "with specific intent or willful blindness," induced "others," that is, their partners and customers, to infringe its patents. SAC ¶ 39, ECF No. 63, PageID.4517. According to the plaintiff, the infringing conduct "include[d] distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities." *Id.* ¶ 40, ECF No. 63, PageID.4517-4518. The SAC says nothing more about that. These allegations amount only to "threadbare recitals of [the] cause of action's elements, supported by mere conclusory statements," which "do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 555).

The SAC alleges that the defendants had knowledge of the patents, but as noted above, there remains a question of when they learned of them. Nor does the SAC identify a "material" or "service" that the defendants allegedly provided or identify any person or entity who received such materials or services. *See Memory Integrity, LLC*, 144 F. Supp. 3d at 1193 ("'[O]rdinary acts incident to product distribution, such as offering customers technical support or product updates,' will not support inducement liability themselves.")

The most glaring deficiency, however, is the lack of pleaded facts that might show specific intent. Specific intent to encourage infringement "can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 904 (Fed. Cir. 2014) ("Absent the knowledge and affirmative act of encouragement, no party could be charged with inducement."); *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp*., 785 F.3d

625, 631& n.3 (Fed. Cir. 2015) (instructions that merely describe an allegedly "infringing mode" do not show intent to induce; inducement requires taking "active steps" and an "affirmative intent" to encourage direct infringement). Instead, "specific intent" requires evidence that the defendant "purposefully and culpably encourage[d]" another party to infringe. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1307 (Fed. Cir. 2006).

MMT simply asserts in the SAC that the defendants induced others to infringe MMTs patents "with specific intent" to do so, "or with willful blindness to the resulting infringement" because they were aware of the patents when MMT filed suit. However, the federal circuit made clear that "[m]ere 'knowledge of the acts alleged to constitute infringement' is not sufficient." *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (quoting *DSU Med. Corp.*, 471 F.3d at 1305). Rather, the complaint "must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc.* 869 F.3d at 1379. Those factual allegations are absent from the SAC.

Although a defendant may be liable for induced infringement by its willful blindness to the infringement, the plaintiff did not plead facts suggesting that the defendants did so. The complaint lacks any allegation that the defendants took any "deliberate actions to avoid confirming a high probability of wrongdoing." *Global-Tech Appliances v. SEB S.A.*, 563 U.S. 754, 769-70 (2011).

The plaintiff's second amended complaint fails to state a claim for induced infringement because it lacks facts indicating that the defendants "purposefully and culpably encourage[d]" another party to infringe MMT's patents. *DSU Med. Corp.,* 471 F.3d at 1307.

C.

MMT's contributory infringement claim does not fare much better. The plaintiff's entire contributory infringement allegation is comprised of two sentences, which assert that the defendants are liable under 35 U.S.C. § 271(c) for "offering to sell, selling and importing into the United States the Accused Instrumentalities to be especially made or adapted for use in infringement of the Patents-in-Suit." SAC ¶ 41, ECF No. 63, PageID.4518. MMT alleges that "[t]he Accused Instrumentalities are material components for use in practicing the Patents-in-Suit and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use." *Ibid.*

Contributory infringement occurs if a party sells, or offers to sell, "a component of a patented . . . combination, . . . or a material . . . for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, In*c., 424 F.3d 1293, 1312 (Fed. Cir. 2005)). Although courts generally presume allegations about the non-infringing use of an invention to be true at the pleading stage, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018), it is well established that a plaintiff cannot maintain a contributory infringement claim where it does not provide at least some supporting facts, or fails to allege all the required legal elements of the claims. *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, No. 17-06880, 2018 WL 3537166, at *5 (N.D. Cal. July 23, 2018) (dismissing contributory

infringement claim because the "conclusory allegation d[id] not support an inference that the accused products ha[d] 'no substantial non-infringing uses'"); *E.I. Dupont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11-00773, 2012 WL 4511258, at *8-9 (D. Del. Sept. 28, 2012) (dismissing contributory infringement allegation where plaintiff "d[id] not even reference the elements [of contributory infringement] in [their allegations]").

The SAC's allegations are entirely conclusory and lack supporting facts, and therefore it does not meet Rule 8(a)(2)'s requirements. *Iqbal*, 556 U.S. at 686 ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). MMT does not identify any specific "component" that it alleges contributorily infringed its patent claims, nor does it explain its assertion that none of the accused products have substantial non-infringing uses for any of the four asserted patents. And the SAC does not allege that the defendants knew that the components they provided were especially made and lack non-infringing uses. *See Dupont*, 2012 WL 4511258, at *8-9 (dismissing contributory infringement allegation where plaintiff "d[id] not even reference the elements [of contributory infringement] in [their allegations]").

Another fatal flaw is the failure to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337. In *Hitachi Kokusai Electric Inc.*, the court dismissed a similar contributory infringement claim because the plaintiff asserted purely conclusory statements that did not "support an inference that the accused products have 'no substantial non-infringing uses.'" 2018 WL 3537166, at *4 (citing *Iqbal*, 556 U.S. at 681; *In re Bill of Lading*, 681 F.3d at 1337-38). The plaintiffs pleaded only that the defendants sold the accused products with the knowledge that they are especially designed for use in a patented process and that those products were not a "staple article of

commerce suitable for substantial non-infringing use." *Id*., at *5. But that statement "merely parrot[s] the required elements for a contributory infringement claim." *Ibid.* It provides no *factual* allegations to support its conclusion.

MMT's contributory infringement claim suffers from a dearth of factual material pleaded in the SAC.

III.

Although the plaintiff has alleged in conclusory fashion that the defendants engaged in willful, induced, and contributory infringement, it has not supported those conclusions with pleaded facts that establish the required elements of those claims.

Accordingly, it is **ORDERED** that the motion by defendant Volkswagen Group of America to dismiss the claims of willful, induced, and contributory infringement (ECF No. 71) is **GRANTED**.

It is further **ORDERED** that the claims of willful, induced, and contributory infringement are **DISMISSED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Date: July 13, 2020